UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

     - v. -           :      <u>INDICTMENT</u>

CLYDE KELLY,              **07 CRIM. 825**

        Defendant.     :

                     :

- - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED AUG 3 0 2007

JUDGE SCHEINDLIN

<u>COUNT ONE</u>

    The Grand Jury charges:

    1.    From on or about May 30, 2002, up to and including on or about March 14, 2006, in the Southern District of New York, CLYDE KELLY, the defendant, unlawfully, willfully, and knowingly, did embezzle, steal, abstract, and convert to his own use and to the use of another, moneys, funds, securities, premiums, credits, property or other assets of an employee pension benefit plan subject to the provisions of title I of the Employee Retirement Income Security Act of 1974, and a fund connected therewith, to wit, KELLY, did embezzle and convert to his own use and the use of others, moneys and funds from the Mott Haven Furniture Co., Inc. Employee Profit Sharing Plan.

    (Title 18, United States Code, Sections 664.)

<u>COUNT TWO</u>

    The Grand Jury further charges:

    2.    From on or about January 31, 2004, up to and including the present, in the Southern District of New York and

elsewhere, CLYDE KELLY, the defendant, unlawfully, willfully, and knowingly, did violate a provision of part 1 of Title 29, United States Code, to wit, as administrator of the Mott Haven Furniture Co., Inc. Employee Profit Sharing Plan, KELLY failed to file annual financial reports, Form 5500 series, with the Secretary of Labor pursuant to Sections 1021(b) and 1023 of Title 29, United States Code, for the fiscal years ending on January 31, 2004 and January 31, 2005.

(Title 29, United States Code, Section 1131.)

## FORFEITURE ALLEGATION

3.    As a result of committing one or more of the foregoing offenses alleged in Counts One and Two of this Indictment, CLYDE KELLY, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting or derived from proceeds obtained directly or indirectly as a result of the said offenses, including but not limited to the following:  at least $1,000,000.00, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the said offenses charged in Counts One and Two of this Indictment, for which the defendant is liable.

## Substitute Asset Provision

4.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

2

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

>(Title 18, United States Code, Section 982,
>Title 18, United States Code, Section 664,
>Title 29, United Stats Code, Section 1131.)

_____
FOREPERSON


MICHAEL J. GARCIA
United States Attorney

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

### - v. -

### CLYDE KELLY,

### Defendant.

### INDICTMENT

07 Cr.

(18 U.S.C. § 664,
29 U.S.C. § 1131)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

Foreperson.